[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 25-11126

Non-Argument Calendar

————————————————

QUINCETTA Y. CARGILL,

                       Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

                       Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket Nos. 2:23-cv-08022-RDP,
2:17-cr-00356-RDP-JHE-1

_____

Before BRANCH, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction.

Quincetta Cargill, proceeding *pro se*, appeals from the district court's March 21, 2025, order denying her motions to compel the government to produce certain documents in support of her 28 U.S.C. § 2255 motion to vacate her federal convictions. We lack jurisdiction over this appeal because the March 21 order is not final, as it did not resolve Cargill's pending § 2255 motion. *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). The March 21 order is not immediately appealable under the collateral order doctrine because it can be effectively reviewed after the district court enters a final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014); *Doe No. 1 v. United States*, 749 F.3d 999, 1004 (11th Cir. 2014) ("Discovery orders are ordinarily not final orders that are immediately appealable.").

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.